Maddest, Judge,
dissenting:
The plaintiff includes in his petition an allegation that his discharge was politically motivated. If that was so, it was a gross violation of the civil service statutes. The granting of the Government’s motion for a summary judgment means that the plaintiff will never have had an opportunity, here or elsewhere, to prove the truth of his allegations.
The plaintiff presented to the Civil Service Commission a sworn statement which, if true, would persuade any reader of it that the motivation for reassigning or dismissing the plaintiff was political, and had little relation to efficiency. This sworn statement appears at pages 45-47 of the defendant’s brief. It would have seemed that the persons named in the statement would have been anxious to confront the plaintiff in a hearing, or at the very least, to file .sworn statements denying the truth of the serious allegations against them. They did neither of these things. The only response which the plaintiff received to his sworn statement was a letter from the Chairman of the Civil Service Commission, which is printed on pages 47-48 of the defendant’s brief. It says:
Your representations that your removal was. made for political reasons have been carefully investigated. *568 The report of investigation, together with your statements, have been thoroughly studied by the Commissioners. Based on all of the evidence, it is our conclusion that you were removed because officials of the Treasury Department considered that you were deficient in the performance of your duties; neither your affidavit of December 10, 1958, nor the Commission’s investigation support your contention that your removal was politically motivated. Accordingly, your appeal on this point is denied.
This letter contains no. statement that anyone, in the course of the unilateral investigation made by the Civil Service Commission, had denied the truth of the plaintiff’s sworn statement. Indeed it said, “neither your affidavit of December 10, 1953, nor the Commission’s investigation support your contention that your removal was politically motivated.”
The statement of the Chairman that the plaintiff’s affidavit did not support his contention is plainly wrong. What the Commission’s investigation showed neither we nor the plaintiff know, nor will anyone ever know, now that the court has dismissed the plaintiff’s petition.
It may be that the plaintiff’s position was so high that it should not have been included in the classified Civil Service. That is for Congress to decide, not for this court or the Civil Service Commission. When the desire to get rid of one in such a high position originates in politics, as the only sworn statement before us indicates that it did in this case, it is almost beyond human capacity to lay that motivation aside and judge fairly the question of a highly placed civil servant’s efficiency. All of us do our work at a grade so far below perfection that it would be hard to prove that the service would not he improved by a change.
The statutes require that politics be kept out of the civil service. So far as appears, that was not done in this case. In fairness to the plaintiff, and to his superiors who have never had an opportunity to publicly answer his serious charges, I would dismiss the Government’s motion and let this case go to trial.
LittletoN, Judge, joins in the foregoing dissent.